**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH J. GIACALONE, JR., | |
| Plaintiff, | Case No. 1:12-cv-1192 |
| v. | Judge: Kocoras |
| EXPERIAN PLC, et al., | |
| Defendants. | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO STRIKE
INADMISSIBLE LETTERS FROM BANK OF AMERICA AND CAPITAL ONE**

Defendant Experian Information Solutions, Inc. ("Experian") hereby moves the Court for an order striking inadmissible documents filed by Plaintiff Joseph Giacalone ("Plaintiff") in support of his Motion for Partial Summary Judgment (Dkt. 32). The documents are four letters ("Letters") Plaintiff alleges that he received from potential creditors – three from Bank of America (Plaintiff's Exhibit G) and one from Capital One (Plaintiff's Exhibit J).

This motion is made pursuant to Federal Rules of Evidence 801, 802, and 901 on the grounds that: (i) the Letters are inadmissible hearsay and (ii) the Letters lack the requisite authentication. In support of its Motion, Experian states as follows:

**ARGUMENT**

I. **THE LETTERS ARE INADMISSIBLE HEARSAY**

Because Plaintiff offers the Letters as evidence of his denial of credit, they fall squarely within the hearsay rule. The Letters constitute "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (defining hearsay). Here, Plaintiff offers the Letters without providing any testimony or certification that complies with Fed. R. Evid. 902(11) or

902(12). Such letters from financial institutions regarding an individual's credit constitute

hearsay and are inadmissible. *See* Fed. R. Evid. 802, 803; *Chiang v. Verizon New England, Inc.*,

No. 06-cv-12144, 2009 WL 102707 (D. Mass. Jan. 13, 2009). In *Chiang*, the plaintiff attempted

to introduce into evidence letters he received denying a credit application. The district court held

that the letters were inadmissible, and stated:

> [The] two sets of letters produced by [plaintiff] are inadmissible hearsay: first,
> letters from credit reporting agencies to [plaintiff] describing the results of the
> investigation of his disputes; second, letters from financial institutions to [plaintiff]
> regarding the basis for their denials of his loan applications. Because these letters
> are produced without any authenticating affidavits and are offered to prove the
> truth of their contents, I sustain the objection and hold them inadmissible.

*Chiang*, 2009 WL 102707, at *5 (internal citations omitted); *see also Lamar v. Experian Info.*

*Syst., Inc.*, 408 F. Supp. 2d 591 (N.D. Ill. 2006) (granting Experian's motion for summary

judgment on a section 1681e(b) claim where plaintiff's only evidence of actual damages was a

letter from his mortgage broker which was "classic hearsay"). Given that no hearsay exception

applies to the Letters, they are inadmissible in support of Plaintiff's summary judgment motion.

*Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("hearsay is inadmissible in

summary judgment proceedings to the same extent that it is inadmissible in a trial"). Therefore,

the Court should enter an order striking the Letters.

## II.     THE LETTERS LACK PROPER AUTHENTICATION

In addition to the Letters being hearsay, they have not been properly authenticated.

Federal Rule of Evidence 901 requires documents to be authenticated in order for them to be

admissible at trial. Fed. R. Evid. 901 (authentication is a "condition precedent" of admissibility).

Plaintiff has not produced a witness to authenticate the Letters and has not submitted an affidavit

from the records custodian of either Bank of America or Capital One in accordance with F.R.E.

902. Therefore, the Letters are not properly authenticated and should be stricken. *See* Fed. R.

Evid. 901; *Chiang,* 2009 WL 102707, at *5.

## **CONCLUSION**

For the reasons set forth above, this Court should grant Experian's motion to strike and refuse to consider the three Bank of America letters and one Capital One letter (Plaintiff's Exhibits G and J) in support of his Motion for Partial Summary Judgment (Dkt. 32).


Dated: April 11, 2013                         Respectfully submitted,


                                              s/ Ellenna V. Berger
                                              _____
                                              Ellenna V. Berger (6302813)
                                              evberger@jonesday.com
                                              JONES DAY
                                              77 West Wacker
                                              Chicago, IL 60601.1692
                                              Telephone:    +1.312.782.3939
                                              Facsimile:    +1.312.782.8585

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2013, I electronically filed the foregoing EXPERIAN

INFORMATION SOLUTIONS, INC.'S MOTION TO STRIKE INADMISSIBLE LETTERS

FROM BANK OF AMERICA AND CAPITAL ONE using the CM/ECF system, which will

send notification to the following parties of record:

Joseph Giacalone
Giacalone & Associates, LLC
4304 N. Osceola Avenue
Norridge, IL 60706
(847) 707-9000
Email: joegiacalone@comcast.net


*s/ Ellenna V. Berger*
Ellenna V. Berger