UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH J. GIACALONE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12 C 1192 |
| | ) | |
| EXPERIAN PLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the cross-motions for summary judgment of Plaintiff Joseph Giacalone, Jr. ("Giacalone") and Defendant Experian PLC ("Experian") pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Experian's motion is granted, and Giacalone's motion is denied.

BACKGROUND

The following facts are derived from the parties' respective statements and exhibits filed pursuant to Northern District of Illinois Local Rule 56.1. The Court reviews each Local Rule 56.1 statement and disregards any argument, conclusion, or assertion unsupported by the evidence in the record. Experian is a consumer credit reporting agency ("CRA") with its principal place of business in Dublin, Ireland. Experian also commonly does business in the State of Illinois under the name Experian Information Solutions, Inc. Over the years, Giacalone has obtained several

consumer disclosures from Experian. Under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, a consumer may request such a disclosure, and the CRA is required to provide it. 15 U.S.C. § 1681g.

In 2005, Giacalone filed for Chapter 7 bankruptcy. Giacalone's consumer disclosures should have reflected that his debts had been discharged pursuant to the bankruptcy with the line "debt included in bankruptcy." Unfortunately, when Giacalone examined his February 21, 2011 consumer disclosure, that phrase was absent, and individuals viewing the information thus would have been unaware of the discharge of Giacalone's debts in bankruptcy. On February 21, 2012, Giacalone filed a five count complaint alleging that he has been denied credit due to the inaccuracies contained in the 2011 consumer disclosure. Specifically, Giacalone alleges: a violation of the FCRA (Count I); defamation (Count II); tortious interference with prospective economic advantage (Count III); intentional infliction of emotional distress ("IIED") (Count IV); and false light (Count V). Giacalone seeks both compensatory and punitive damages. On March 14, 2013, Giacalone moved for summary judgment with respect to Counts I and III pursuant to Federal Rule of Civil Procedure 56. On April 11, 2013, Experian moved for summary judgment with respect to all counts pursuant to Rule 56.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on which the non-movant bears the burden of proof at trial. *Id.* at 325. The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; he must go beyond the pleadings and support his contentions with documentary evidence. *Id.* A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the court construes all facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Schs.*, 560 F.3d 694, 699 (7th Cir. 2010). When faced with cross-motions for summary judgment, the court views all facts and draws all reasonable inferences in favor of the party against whom the motion under consideration is made. *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 359 (7th Cir. 2011).

## DISCUSSION

I.  FCRA Claim

Giacalone argues that Experian's actions violate 15 U.S.C. § 1681e(b) of the FCRA. To prove a violation of this section, a plaintiff must show that: (i) inaccurate information was included in a consumer credit report; (ii) the inaccuracy was caused

by the failure of the CRA to follow reasonable procedures to assure maximum possible accuracy; (iii) the plaintiff suffered damages; and (iv) those damages were caused by the inaccuracy. *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *Alley v. First Am. Credco, Inc.*, No. 05 C 2130, 2007 U.S. Dist. LEXIS 4659, at *10 (N.D. Ill. Jan. 19, 2007). Giacolone has provided the Court with the consumer disclosure that he requested and received from Experian pursuant to its statutory obligations. See 15 U.S.C. § 1681g. This differs from a consumer credit report, which is "used . . . in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for [credit, employment and several other items]." 15 U.S.C. § 1681a(d)(1). In other words a consumer credit report is exclusively for the use of third parties. A CRA in possession of erroneous credit information about a consumer, that it sends to that consumer, does not constitute a consumer credit report and hence does not trigger the FCRA. *See Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 449 (8th Cir. 1988), cert. denied, 491 U.S. 910 (1989); *see also Renninger v. Chexsystems*, No. 98 C 669, 1998 U.S. Dist. LEXIS 8528, at *15 (N.D. Ill. May 22, 1998) ("To hold otherwise . . . would potentially subject a [CRA] to liability any time [it] disclosed the contents of [its] files upon a consumer's request . . . .").

Giacalone has not provided the Court with any consumer credit report. A fortiori the Court cannot deem there to be inaccuracies contained in a document that the Court has not received. Giacalone has provided the consumer disclosure that he

received and several letters of rejection that denied his requests for credit. On April 23, 2013, however, this Court granted Experian's motion to strike these letters as inadmissible hearsay. *See* Fed. R. Evid. 802. Giacalone has attempted to insert these letters back into play through his affidavit in support of his reply to the instant motion; however, the affidavit also constitutes inadmissible hearsay. [1] As the letters and affidavit are inadmissible hearsay, this Court cannot consider them, and Giacalone has offered no other evidence that would lead the Court to conclude that there exists a consumer credit report containing the inaccurate debt information, much less that third parties have seen such a report and have denied Giacalone credit because of it.

Giacalone avers that he has suffered damages in the form of emotional distress. However, based on all admissible evidence, the sole basis for this claim under the FCRA is Giacalone's knowledge that his consumer disclosure contained erroneous information. This Court has found no case in which a plaintiff has recovered under the FCRA for emotional distress based solely on his knowledge that a CRA possessed inaccurate credit information about him. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995) (declining to extend recovery of emotional distress damages under FCRA where consumer merely knew of erroneous information in consumer credit report); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th

---

[1] Giacalone is conveying what he was told by out-of-court declarants to prove the truth of the matter asserted—that creditors have seen his consumer credit report with the inaccurate information and that they rejected his credit requests because of it. A court may consider only admissible evidence in ruling on a motion for summary judgment. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). The letters relied on lack any accompanying testimony or certification necessary for admissibility under the Federal Rules of Evidence.

Cir.), cert. denied, 534 U.S. 951 (2001) (same). In the present case, Giacalone has not even presented evidence of inaccurate information contained in a consumer credit report but instead has provided only the consumer disclosure sent to him as required by statute. Giacalone's FCRA claim, therefore, must be dismissed.

II.     Defamation Claim

Giacalone posits that he has been defamed by the inaccuracies contained in his consumer disclosure. A defamation action is designed to redress statements that harm a plaintiff's reputation by lowering him in the eyes of the community or by deterring the community from associating with him. *Solaia Tech., LLC v. Specialty Publ'ns Co.*, 852 N.E.2d 825, 839 (Ill. 2006). To state a claim for defamation under Illinois law, a plaintiff must show that: (i) the defendant made a false statement about him; (ii) the defendant made an unprivileged publication of that statement to a third party; and (iii) the publication caused damages. *Id.* at 839. In the case sub judice, Giacalone cannot state a claim for defamation because he has failed to present evidence of publication of the inaccurate statements in his consumer disclosure to a third party. Hence, his defamation claim must fail.

III.    False Light Claim

In his reply to the instant motion, Giacalone has indicated his desire to withdraw this claim. The Court will abide by this request, and this count is dismissed.

IV.    Tortious Interference with Prospective Economic Advantage Claim

Giacalone posits that the inaccuracies in his consumer disclosure interfered with his ability to obtain credit and, therefore, constitute a tortious interference with prospective economic advantage. To state a claim for tortious interference with prospective economic advantage in Illinois, a plaintiff must show: (i) he had a reasonable expectancy of entering into a valid business relationship; (ii) the defendant had knowledge of that expectancy; (iii) the defendant's intentional and unjustified interference caused a breach or termination of that expectancy; and (iv) damages. *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1133 (Ill. 2001). In the case at bench, the Court can discern no evidence supporting Giacalone's claim under this theory. Giacalone received a consumer disclosure that contained inaccurate information. He has presented no evidence that he was denied credit due to the inaccurate information contained therein or even that a third party was privy to the inaccurate information. As such, his claim for tortious interference with prospective economic advantage is dismissed.

V.    IIED Claim

Giacalone contends that Experian is liable for IIED due to the inaccurate statements contained in Giacalone's consumer disclosure and the manner in which Experian treated Giacalone. To state a claim for IIED in Illinois, a plaintiff must show that: (i) the defendant engaged in extreme and outrageous conduct; (ii) the defendant knew or should have known that such conduct would cause severe

emotional distress; and (iii) the conduct caused the plaintiff severe emotional distress. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003). "Mere insults, indignities, threats, annoyances, petty oppressions or other trivialities" do not constitute extreme and outrageous conduct. *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992). "Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.* at 211 (citing Restatement (Second) of Torts § 46, Comment d, at 73 (1965)). In the instant case, Experian sent Giacalone a consumer disclosure containing inaccurate information. Giacalone also complains that "grossly incompetent" employees answered his phone calls and that, generally, Experian treated him unfairly, causing him frustration. The Court concludes that this conduct would not be deemed extreme and outrageous by a reasonable juror. *Cf. Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 438-39 (7th Cir. 2009) (affirming dismissal of IIED claim where plaintiff cited as extreme and outrageous conduct defendant's inaccurate report that plaintiff had been delinquent on mortgage payments).

Giacalone also has provided insufficient evidence that his emotional distress is severe. He testified that he has not manifested physical symptoms from the distress. Rather, he claims to have suffered insomnia, hypertension, stress, frustration, embarrassment, humiliation and anxiety. His sole support for this claim is his affidavit and testimony. The Seventh Circuit has affirmed the granting of summary judgment with respect to an IIED claim similar to Giacalone's. *See Sornberger v.*

*City of Knoxville*, 434 F.3d 1006, 1030 (7th Cir. 2006) (under Illinois law, IIED claim failed where children's grades had declined due to their parents' wrongful incarceration). Giacalone's IIED claim is, therefore, deficient and must be dismissed.

## CONCLUSION

In summary, the record is devoid of (i) evidence that any credit reports were sent to third parties, (ii) any creditors saw the alleged inaccuracy or based any credit decision on it, or (iii) any creditor referred to or relied on an Experian credit report in any action regarding Giacalone. As the record stands, only Giacalone saw the alleged inaccuracy in any Experian record. For these reasons, Giacalone's motion for partial summary judgment is denied. Experian's motion for summary judgment is granted with respect to all counts.

_____
Charles P. Kocoras
United States District Judge

Dated:   June 24, 2013